J-A25011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                            :       PENNSYLVANIA
                            :
        v.                  :
                            :
                            :
                            :
DAVID RUSSELL KELSEY        :
                            :
        Appellant           :  No. 99 WDA 2022

Appeal from the PCRA Order Entered December 23, 2021,
in the Court of Common Pleas of McKean County,
Criminal Division at No(s):  CP-42-CR-0000414-2018.

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED: OCTOBER 6, 2022**

David Russell Kelsey appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Additionally, Kelsey's court-appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as an **Anders** brief.[1] We grant counsel's motion to withdraw and affirm the PCRA court's order denying Kelsey post-conviction relief.

---

[1] **Anders v. California**, 386 U.S. 738 (1967). **Anders** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will assess counsel's assertion that the issues Kelsey wished to raise have no merit under a **Turner**/**Finley** analysis.

On September 17, 2019, a jury convicted Kelsey of possession with intent to deliver and criminal use of communication facility based on evidence that Amber Stuckey, a police informant, purchased drugs from Kelsey after communicating with him over Facebook messenger. Prior to the controlled buy, Megan Mesler, an employee of McKean County's Children and Youth Services, conducted a strip search of Ms. Stuckey. Although subpoenaed by the Commonwealth, Ms. Mesler did not testify at trial.

Ms. Stuckey, however, was the Commonwealth's first witness. Upon cross-examination, the following exchange occurred:

[BY TRIAL COUNSEL]:

Q      Okay. Now, you had indicated that you were searched prior to engaging [in] this alleged controlled buy, correct?

A      Yes.

Q      Okay. Were you cavity searched?

A      Yes.

Q      Okay. You were?

A      I was fully undressed. She checked everything, I had to squat, everything.

N.T., 9/16/19, at 56. Following Ms. Stuckey's testimony, the Commonwealth presented the testimony of various law enforcement officials who assisted in conducting the controlled buy and subsequent investigation. The defense presented no evidence.

As noted above, the jury convicted Kelsey of the above crimes. On February 27, 2020, the trial court sentenced Kelsey to an aggregate term of

four to eight years of imprisonment. Kelsey filed a timely post-sentence motion, which the trial court denied. He then appealed to this Court. On May 18, 2021, we rejected his challenge to the sufficiency of the evidence supporting his convictions, and therefore affirmed his judgment of sentence. *Commonwealth v. Kelsey*, 256 A.3d 39 (Pa. Super. 2021) (non-precedential decision). Kelsey did not seek further review.

On August 27, 2021, Kelsey filed a *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed an amended petition on November 10, 2021. In this petition, Kelsey raised two ineffective assistance of counsel claims. According to Kelsey, trial counsel was ineffective for failing to: 1) call Ms. Mesler as a witness on his behalf or as a rebuttal witness; and 2) for failing to show him the video of the alleged controlled buy prior to trial. The Commonwealth filed an answer to the amended PCRA petition on December 10, 2021.

The PCRA court held an evidentiary hearing on December 17, 2021. At the hearing, Kelsey called Ms. Mesler to explain why, in her summary of the strip search she submitted to the authorities, she stated that no cavity search was conducted. Kelsey then called trial counsel to testify regarding the second ineffectiveness claim. However, after further consultation with PCRA counsel, Kelsey withdrew the second claim. By order entered December 23, 2021, the PCRA court denied Kelsey's amended petition. This timely appeal followed. Both Kelsey and the PCRA Court have complied with Pa.R.A.P. 1925.

As noted above, PCRA counsel filed and **Anders** brief and motion to withdraw as counsel with this Court on July 5, 2022. We first address PCRA counsel's application to withdraw. When counsel decides to withdraw from representing a PCRA petitioner, counsel must

> review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which [the] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Upon review, we conclude that PCRA counsel has substantially complied with the **Turner/Finley** requirements as set forth above. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). Thus, we will independently review

- 4 -

the claim Kelsey wished to raise on appeal, namely whether counsel was ineffective for failing to call Ms. Mesler as a witness at trial.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Kelsey wished to challenge the PCRA court's denial of his ineffectiveness claim. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the

petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Specifically, Kelsey claims that trial counsel was ineffective for failing to call Ms. Mesler as a witness at trial to explain her report that she did not conduct a cavity search. As we have observed:

> When raising a claim of ineffectiveness for failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; 2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]

*Commonwealth v. Matias*, 63 A.3d 807, 810-11 (Pa. Super. 2013) (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012)).

Kelsey cannot meet his burden of proof because, given Ms. Mesler's testimony at the PCRA hearing, he could not establish that the absence of her trial testimony prejudiced him. At the PCRA hearing, Ms. Mesler confirmed Ms. Stuckey's trial testimony regarding the strip search. She further testified that she reported no cavity search was conducted, based on her belief that such a search "would be reaching up inside of like orifices that would need to be checked." N.T., 12/17/21, at 14.

At the conclusion of the hearing, the PCRA court concluded that, based on Ms. Mesler's testimony, Kelsey's ineffectiveness claim lacked arguable merit:

> First you have to show there was an error, and that's questionable here. Because the Commonwealth chose not to call [Ms.] Mesler, should the defense have done that and clarified everything for everyone? Or should they have just focused on that and said, they didn't call her, we don't know what she'd say, this is what they said, what's up with this cavity search?
>
> I would find that based on the total approach of the defense, and I am finding, not I would, I am finding that there was no error here, that to call [Ms.] Mesler and present that would actually assist the Commonwealth. It would clarify their case based on what she said here today, that she has training, that here's what she did, that she had the females cough so that if there's items in their vagina, it will fall out. We're talking about 20 pills here, that that's common procedure.
>
> And so I find that [Kelsey] doesn't get over even the first part of the [ineffectiveness test]. Was there arguable merit in not calling [Ms.] Mesler? That the defense could raise more doubt by not calling her than calling her.

N.T., 12/17/21, at 42-43. In its Rule 1925(a) opinion, the PCRA court confirmed that Ms. Mesler's PCRA hearing testimony "demonstrated that her search of [Ms. Stuckey] was extremely thorough. This testimony would have only strengthened the Commonwealth's case." PCRA Court Opinion, 2/16/22, at unnumbered 2.

Our review of the record supports the conclusion that not calling Ms. Mesler assisted defense counsel's trial strategy. Indeed, during his closing argument, counsel challenged the Commonwealth's failure to call her as a

witness, suggested that she was not qualified to conduct the strip search, and questioned the thoroughness of the search. *See* N.T., 9/17/21, at 6-8. Had trial counsel called Ms. Mesler, she would have testified, consistent with her PCRA hearing testimony, that she had training to conduct the search and would have explained the thoroughness of the procedure. As such, counsel's arguments were stronger without Ms. Mesler's testimony.

In sum, because a review of the record supports PCRA counsel's assessment of Kelsey's ineffectiveness claim as frivolous, the PCRA court correctly denied his PCRA petition. We therefore affirm the order denying Kelsey post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2022